UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOHNNY D. SITTNER,                    )
                                       )
          Petitioner,                  )
                                       )
     vs.                               )          Case No. 4:12 CV 1156 CDP
                                       )
MICHAEL BOWERSOX,                     )
                                       )
          Respondent.                  )

## MEMORANDUM AND ORDER

Petitioner Johnny Sittner was convicted of statutory rape in the first degree, statutory sodomy in the first degree, and two counts of incest. The trial court sentenced Sittner to consecutive life terms for statutory rape and statutory sodomy and to consecutive terms of four years for the two counts of incest. Sittner is incarcerated at the South Central Correctional Center in Licking, Missouri.

This matter is before the Court on his amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Sittner raises twelve grounds for relief. For the reasons stated below, Sittner's request for federal habeas corpus relief will be denied.

### Factual Background

On direct appeal, the Missouri Court of Appeals summarized the evidence adduced at trial as follows:

On 28-29 April 2009 Sittner was tried before the Honorable Judge Kenneth Wayne Pratte of charges of first-degree statutory rape, first-degree sodomy, and two counts of incest. Prior to trial, a licensed clinical social worker at the Children's Advocacy Center of East Central Missouri, Dina Vitoux, performed an extended evaluation of victim S.S. During this evaluation, S.S. communicated, with considerable detail, the acts Sittner was alleged to have subjected her to.

Vitoux was called as a witness and the trial court recognized her as a witness in the field of child sex abuse and forensic counseling. Vitoux testified to what she and other experts used to determine the accuracy of a child's disclosure. She listed four factors, one of which was an unusual sexual knowledge for their age. Over objection, Vitoux stated that S.S. had such unusual knowledge. During a bench conference prior to defense counsel's cross-examination of Vitoux, defense counsel requested permission to ask Vitoux questions regarding the other men who had abused S.S. in order to show S.S. had an alternative source for her unusual sexual knowledge. The State argued that this evidence was barred by the rape shield statute, § 419.015. The court considered both arguments and determined S.S.'s knowledge was not overly emphasized, was not used in the State's opening argument, and from that point forward in the trial that area was "off limits." Both the State and Defense Counsel complied.

Sittner was convicted by a jury on all of the charges against him.

(Resp't Ex. 20 at 1-3).

## Procedural History

Sittner appealed his conviction and sentence before the Missouri Court of Appeals, arguing the trial court erred in not allowing Sittner to introduce evidence that other individuals had sexually abused the victim. Sittner alleged that, because Dina Vitoux, a licensed clinical social worker, testified about the significance of unusual sexual knowledge by child sexual abuse victims in assessing the credibility

of their statements, the State had opened the door to evidence of alternative sources of sexual knowledge.  On September 29, 2009, the Missouri Court of Appeals, Eastern District affirmed the conviction.

Sittner also filed a pro se motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. Post-conviction counsel was appointed. In Sittner's amended post-conviction motion, he alleged that trial counsel was ineffective for failing to object to Dina Vitoux's testimony about the factors used to evaluate the accuracy of a child victim's statements.  Sittner further alleged trial counsel was ineffective for not cross-examining Vitoux about the source of S.S.'s unusual sexual knowledge.  The motion court denied Sittner's claims without an evidentiary hearing.

Sittner appealed the denial of his motion for post-conviction relief.  In his sole point on appeal, Sittner alleged the motion court erred in denying his claim that trial counsel was ineffective for not objecting to the testimony by Vitoux.  The Missouri Court of Appeals denied relief in an unpublished opinion dated November 23, 2010.

On March 18, 2011, Sittner filed his first habeas petition in the Circuit Court of Texas County, Missouri. The Circuit Court denied this petition.  On June 26, 2012, Sittner filed a motion, and subsequently an amended motion, to re-open his post-conviction case due to abandonment. Sittner's amended motion alleged his

post-conviction case should be re-opened as his first post-conviction counsel failed to include several grounds for relief in his first amended 29.15 motion. The motion court found Sittner did not allege a recognized ground for reopening a post-conviction case and denied Sittner relief without an evidentiary hearing; Sittner appealed and the Missouri Court of Appeals affirmed the judgment of the motion court.

Sittner then filed a second habeas petition in the Circuit Court of Texas County, Missouri. He asserted five claims of ineffective assistance of counsel. The Texas County court found Sittner's claims were defaulted as they had not been raised in his Rule 29.15 motion. The court then addressed Sittner's claims ex gratia and found they were without merit. Sittner also filed a third and fourth habeas petition in the Missouri Court of Appeals, and the Missouri Supreme Court, respectively. Both courts summarily denied relief.

**Grounds Raised**

Sittner filed his original federal habeas petition in this case asserting the following nine grounds for relief: 1) the trial court violated Sittner's sixth amendment right to present defensive evidence by excluding evidence of other individuals who had abused S.S.; 2) the trial court erred in allowing Dina Vitoux to testify about S.S.'s credibility; 3) trial counsel was ineffective for failing to adequately object to Vitoux's testimony; 4) trial counsel was ineffective for not

4

cross-examining Vitoux about the potential for other sources of S.S.'s sexual knowledge; 5) trial counsel was ineffective for not introducing evidence of S.S.'s reputation for dishonesty; 6) trial counsel was ineffective for not calling Sittner's wife, D.S., to testify about S.S.'s reputation for dishonesty and problems with discipline; 7) trial counsel was ineffective for not calling J.S. as a witness; 8) appellate counsel was ineffective for not raising a claim of plain error related to Vitoux's testimony about S.S.'s credibility; and 9) appellate counsel was ineffective for not raising a claim of error related to social worker Jamie Pinson's testimony regarding S.S.'s statements.

On August 3, 2015, Sittner filed a motion to amend his petition and a proposed amended petition. In his amended petition, Sittner renewed the nine grounds set forth in his original petition and added three new claims. The State contends the additional grounds for relief alleged in the amended petition are untimely and must be dismissed. Sittner does not contest the State's argument and withdraws Grounds 10, 11, and 12. Sittner also withdraws ground seven. Therefore, I will only consider Grounds 1-6, and 8-9.

In response to the eight claims that remain, the State claims Ground 2 and Grounds 4 through 9 are procedurally defaulted and Sittner has failed to show cause to excuse his default. The State further contends that although Grounds 1 and 3 were properly exhausted, they must be denied on their merits.

## Standard of Review

Federal habeas relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See also Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990).

In order to obtain federal habeas review of a claim raised in a § 2254 petition, the petitioner must have first raised the federal constitutional dimensions of the claim in State court in accordance with State procedural rules. *Duncan v. Henry,* 513 U.S. 364 (1995) (per curiam); *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoting *Gilmore v. Armontrout,* 861 F.2d 1061, 1065 (8th Cir. 1988)). If the petitioner failed to properly present the claim in State court, and no adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Martinez v. Ryan*, 566 U.S. 1, 10-11 (2012).

Where the State court adjudicated a claim on the merits, federal habeas relief can be granted on the claim only if the State court adjudication "resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). *See Williams v. Taylor*, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's State conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. *Id.* at 380-83.

A State court's decision is "contrary to" clearly established Supreme Court precedent when it is opposite to the Supreme Court's conclusion on a question of law or different than the Supreme Court's conclusion on a set of materially indistinguishable facts. *Id.* at 412-13; *Carter v. Kemna*, 255 F.3d 589, 591 (8th Cir. 2001). A State court's decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Merely erroneous or incorrect application of clearly established federal law does not suffice to support a grant of habeas relief. Instead, the State court's application of the law must be objectively unreasonable. *Id.* at 409-11; *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011). Finally, when reviewing whether a State court decision involves an "unreasonable

determination of the facts" in light of the evidence presented in the State court proceedings, State court findings of basic, primary, or historical facts are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Rice v. Collins*, 546 U.S. 333, 338-39 (2006); *Collier v. Norris*, 485 F.3d 415, 423 (8th Cir. 2007). Erroneous findings of fact do not *ipso facto* ensure the grant of habeas relief, however. Instead, the determination of these facts must be unreasonable in light of the evidence of record. *Collier*, 485 F.3d at 423; *Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001).

The federal court is "bound by the AEDPA [Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying State court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). To obtain habeas relief from a federal court, the petitioner must show that the challenged State court ruling "rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Metrish v. Lancaster*, 133 S. Ct. 1781, 1786-87 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). This standard is difficult to meet. *Id.* at 1786.

### Claims Addressed on the Merits

A review of the record shows Sittner to have properly raised the following claims in State court and that the Missouri Court of Appeals, upon review of the

merits of the claims, denied relief. I therefore turn to the merits of these claims, exercising limited and deferential review of the underlying State court decisions as required by the AEDPA.

## A.     Ground 1 - Exclusion of other evidence of sexual abuse.

In Ground 1, Sittner alleges that he "was denied his constitutional right to present defensive evidence (U.S. Const. Amend. VI) when evidence of other accusations by the alleged victim was excluded." (Amend. Pet. at 9). In his amended petition, Sittner claims that, during his cross-examination of Dina Vitoux, he sought to present evidence that S.S. accused three other males of sexual abuse. Because Vitoux had testified that S.S. had unusual sexual knowledge for her age, Sittner argues the evidence of other allegations of abuse should not have been excluded because it would have shown an alternate basis of S.S.'s "unusual knowledge" and "would have impeached the credibility of her accusation of Mr. Sittner." (Amend. Pet. at 10). In Sittner's traverse, he clarifies that the trial court's refusal to allow him to cross-examine Vitoux deprived him of his sixth amendment right to confront witnesses against him.

On direct appeal, Sittner claimed the circuit court abused its discretion in refusing to allow his trial counsel to present evidence of S.S.'s allegations of abuse by others in violation of his right to due process. The Missouri Court of Appeals denied relief on this claim. As stated above in the Factual section of this

memorandum, the Court of Appeals summarized the relevant evidence adduced at

Sittner's trial as follows:[1]

>    Vitoux testified to what she and other experts used to determine the accuracy of a child's disclosure.  She listed four factors, one of which was an unusual sexual knowledge for their age.  Over objection, Vitoux stated that S.S. had such unusual knowledge.  During a bench conference prior to defense counsel's cross-examination of Vitoux, defense counsel requested permission to ask Vitoux questions regarding the other men who had abused S.S. in order to show S.S. had an alternative source for her unusual sexual knowledge.  The State argued that this evidence was barred by the rape shield statute, § 419.015.  The court considered both arguments and determined S.S.'s knowledge was not overly emphasized, was not used in the State's opening argument, and from that point forward in the trial that area was "off limits."  Both the State and Defense Counsel complied.

(Resp't Ex. 20 at 2).

>    The Court of Appeals rejected Sittner's claim as follows:

>    The trial court's decision on the admission or exclusion of evidence is reviewed for abuse of discretion.  *State v. Sales*, 58 S.W.3d 554, 558 (Mo. App. W.D. 2001).  A trial court has abused its discretion when a ruling is clearly against the logic of the circumstances before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration.  *State v. Brown*, 939 S.W. 2d 882, 883 (Mo. Banc 1997).  Moreover, an evidentiary ruling will not be overturned absent a showing of prejudice.  *State v. Barriner*, 111 S.W.3d 396, 401 (Mo. Banc 2003).
>    If the state does not attempt to use evidence of a victim's unusual sexual knowledge to establish Defendant's guilt, the Defendant is not constitutionally entitled to present evidence about any past abuse or present other evidence of that abuse. *State v. Sales*, 58 S.W.3d 554, 559 (Mo. App.

---

[1] In proceedings pursuant to 28 U.S.C. § 2254, a "state court's factual findings carry a presumption of correctness that will be rebutted only by clear and convincing evidence." *Hall v. Luebbers*, 341 F.3d 706, 712 (8th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1); *Lomholt*, 327 F.3d at 752).

W.D. 2001).  Here, the State did not use evidence of S.S.'s unusual sexual knowledge to establish Sittner's guilt, that knowledge merely arose as one of four factor's Vitoux used to determine the accuracy of S.S.'s statements.

(Resp't Ex. 20 at 2-3).  The Court of Appeals further stated that, "This case is one in which no improper emphasis was given to the victim's unusual sexual knowledge. . . .  Her sexual knowledge was not mentioned in front of the jury any other time during the course of the two-day trial."  (Resp't Ex. 20 at 3). In denying Sittner's claim, the Court of Appeals concluded that "All relevant evidence was available to the jury, no rights of the defendant were violated, and the privacy of the victim was preserved." *Id.*

For federal habeas relief, Sittner must establish that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established Federal law, or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d).  The sixth amendment guarantees a criminal defendant the right to "be confronted with witnesses against him[,]" including "the right to conduct reasonable cross-examination."  *Olden v. Kentucky*, 488 U.S. 227, 231 (1988). However, the sixth amendment is not a blanket prohibition against limiting cross-examination of prosecution witnesses. *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986). "[T]rial judges retain wide latitude ... to impose reasonable limits on such cross-examination [i.e., cross-

11

examination focusing on bias] based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Id.* Such limitations on a defendant's right to introduce evidence are permissible so long as they are not "arbitrary or disproportionate to the purposes they are designed to serve." *United States v. Bordeaux,* 400 F.3d 548, 558 (8th Cir. 2005); *United States v. Pumpkin Seed*, 572 F.3d 552, 560 (8th Cir. 2009).

Here, the trial court did not abuse its discretion in limiting the cross-examination of Vitoux with respect to evidence of S.S.'s allegations of abuse by others. As noted above, the sixth amendment is not a blanket prohibition against restricting cross-examination and the trial court had wide latitude to reasonably limit cross-examination in light of the prohibitions of the rape shield statute.

Moreover, the impact of excluding evidence of alternative sources of the victim's unusual sexual knowledge was not disproportionate to the protections provided by the rape shield statute, including preserving the privacy of the victim. As noted by the Missouri Court of Appeals, Vitoux's testimony referring to S.S.'s unusual sexual knowledge was only mentioned once before the jury, was given no improper emphasis, and was not utilized to establish Sittner's guilt. Under these circumstances, the findings of the state court are not contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254

(d)(1).  Accordingly, the claim raised in Ground 1 of the petition is denied.

**B.        Ground 3 – Ineffective assistance of counsel for failure to object.**

In Ground 3, Sittner alleges his trial counsel was ineffective for failing to adequately object to Vitoux's testimony about factors that demonstrate the accuracy of a child victim's testimony.  Sittner argues this testimony constitutes an impermissible opinion on the credibility of the victim and that counsel was ineffective for failing to make that objection.  Sittner raised this claim in his in his 29.15 post-conviction motion and on appeal from the denial of that motion.  The Missouri Court of Appeals denied relief on the claim.

In its memorandum denying Sittner relief, the Missouri Court of Appeals summarized Vitoux's testimony as follows:

> Vitoux testified to what she and other experts used to determine the accuracy of a child's disclosure.  She listed four factors, including the child's ability to give accurate sensory details, consistency, emotion, and an unusual sexual knowledge considering the age of the child…. Vitoux testified that the victim's disclosures were consistent, that S.S. provided several sensory details, and demonstrated unusual sexual knowledge.

(Resp't Ex. 24 at 2). The Court of Appeals found that Vitoux's testimony was admissible because she did not opine as to the credibility of S.S., but limited her testimony to generalized statements that applied to victims of abuse. The Court noted because Vitoux did not provide particularized testimony, such as commenting on whether S.S. was telling the truth, the jurors were left to form their

own conclusions about the victim's credibility. Because the court found the testimony admissible, it reasoned that any objection by Sittner's trial counsel would have been without merit and concluded Sittner's trial counsel was not ineffective for not objecting to such testimony.

For federal habeas relief, Sittner must establish that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established Federal law, or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, a petitioner must show that 1) his counsel's performance was deficient, and 2) the deficient performance prejudiced his defense. *Id.* at 687. In evaluating counsel's performance, the basic inquiry is "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688. The petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine

confidence in the outcome." *Id.* at 694.   Additionally, only claims of ineffectiveness alleging that counsel's error deprived the petitioner of a fair trial are cognizable. *Id.* at 685-87.

Because I review Sittner's claims of ineffective assistance of counsel in the habeas context, I must be careful not to apply the *Strickland* analysis as if the claims were being addressed in the first instance.  In order to succeed on these habeas claims under § 2254(d)(1), therefore, it is not enough for Sittner to convince me that, in my independent judgment, the State court applied *Strickland* incorrectly.  Rather, Sittner "must show that the [Missouri] Court of Appeals applied *Strickland* to the facts of his case in an objectively unreasonable manner.'" *Hoon v. Iowa*, 313 F.3d 1058, 1063 (8th Cir. 2002) (quoting *Bell v. Cone*, 535 U.S. 685, 698-99 (2002)) (internal citation omitted in *Hoon*).  For the reasons set out below, Sittner has failed to do so.

Here, the Missouri Court of Appeals found any objection by counsel to Vitoux's testimony would not have been meritorious because her testimony was admissible. The Court of Appeals then applied *Strickland* and concluded Sittner's counsel was not ineffective for failing to make a non-meritorious objection. The State court's finding is entitled to deference. There is no indication trial counsel's actions were not within the range of reasonable professional assistance.  Counsel did not object to the State's general inquiries as to the factors used by experts, but

15

did object to the more particular testimony as to whether S.S. had unusual sexual knowledge. The appellate court's decision that trial counsel did not render ineffective assistance of counsel was not "contrary to" and did not involve "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). After my review of the record, I cannot conclude that this decision amounted to an unreasonable application of the *Strickland* standard to these facts. Accordingly, the claim raised in Ground 3 of the instant petition is denied.

## Procedurally Defaulted Claims

A petitioner must exhaust his state law remedies before the federal court can grant relief on the merits of his claims in a habeas petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The federal habeas court must first examine whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the State court. *Smittie v. Lockhart*, 843 F.2d 295, 296 (8th Cir. 1988). *See also Boerckel*, 526 U.S. at 848; *Flieger v. Delo*, 16 F.3d 878, 885 (8th Cir. 1996). To exhaust a claim, the offender must raise the claim on direct appeal or in state post-conviction proceedings, including on post-conviction appeal. *Flieger*, 16 F.3d at 885. When a petitioner has not properly exhausted state remedies on a claim and the time for doing so has expired, he has procedurally defaulted that claim. *Welch v. Lund,* 616 F.3d 756,

758 (8th Cir. 2010). In this situation, the federal court should not review the claim unless the petitioner can show "cause and prejudice" excusing that procedural default. *Id.* at 760.

In *Martinez v. Ryan,* 132 S. Ct. 1309 (2012), the United States Supreme Court recognized that ineffective assistance of post-conviction motion counsel in an initial-review collateral proceeding could qualify as cause excusing the failure to raise a substantial claim of ineffective assistance by trial counsel. *Id.* at 1318-19. *See also Davila v. Davis*, 137 S.Ct. 2058, 2065 (2017). By its own plain language, *Martinez* does not apply to other alleged failures – whether by initial post-conviction counsel, by post-conviction appeal counsel, or by direct appeal counsel. *See Davila*, 137 S.Ct. at 2065 (stating that "[o]n its face, *Martinez* provides no support for extending its narrow exception to new categories of defaulted claims"). If initial post-conviction counsel raised a claim in the motion court, ineffective assistance of post-conviction appeal counsel is not cause permitting that claim to be raised in federal court. *Coleman*, 501 U.S. at 752-57 (1990); *Arnold v. Dormire,* 675 F.3d 1082, 1087 (8th Cir. 2012). Furthermore, the Supreme Court, in *Davila v. Davis,* 137 S.Ct. 2058 (2017), recently declined to extend *Martinez* to allow federal courts to hear a "procedurally defaulted, claim of ineffective assistance of appellate counsel when a prisoner's state post-conviction counsel provides ineffective assistance by failing to raise that claim" *Id.* at 2065. *See also Dansby v.*

*Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014).

Here, Ground 2, and Grounds 4-9 are procedurally defaulted. I will address the claims individually to determine whether Sittner has shown "cause and prejudice" to excuse his procedural default.[2]

**A.      Ground 2 - Trial court error in allowing Vitoux's testimony.**

In Ground 2 of his petition, Sittner claims he was denied due process when Vitoux was permitted to testify about the factors interviewers use to determine the accuracy of a child victim's disclosure. Because Sittner failed to raise this claim on direct appeal, it is procedurally defaulted and cannot be reviewed by this Court unless Sittner shows cause for his default and prejudice resulting from the underlying constitutional violations, or that a fundamental miscarriage of justice would occur if I were not to address the merits of the claims. *Coleman,* 501 U.S. at 750.

Sittner argues that direct appeal counsel's failure to raise his due process claim on appeal constitutes cause to excuse his procedural default. While ineffective assistance of direct appeal counsel may constitute cause for procedural

---

[2] As an additional cause for the default of claims 2, 5, 6, 8, and 9, Sittner asserts he was incompetent to assist post-conviction counsel because he was taking an unspecified psychiatric medication. The State contends this allegation is vague and inadequate. In his traverse, Sittner does not respond to the State's argument, but instead focuses on his allegations of ineffective assistance of post-conviction counsel as cause for his procedural default. I find Sittner's cursory and vague allegation of incompetency, set forth in a single sentence, insufficient. He fails to plead particularized facts which would allow this Court to ascertain from the petition whether his allegation merits further review. *See Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990).

18

default, *Reese v. Delo,* 94 F.3d 1177, 1182 (8th Cir. 1996) (citing *Murray v. Carrier,* 477 U.S. 478, 492 (1986), Sittner must have first presented this Sixth Amendment argument to the State court as an independent claim in order for this federal habeas court to review the claim as cause for default. *Edwards v. Carpenter,* 529 U.S. 446, 450-53 (2000); *Taylor v. Bowersox,* 329 F.3d 963, 971 (8th Cir. 2003) (citing *Murray,* 477 U.S. at 489); *Charron v. Gammon,* 69 F.3d 851, 858 (8th Cir. 1995). Sittner did not do so here. To the extent Sittner argues that the procedural default of his ineffectiveness assistance of appellate counsel claim is itself excused by ineffective assistance of post-conviction counsel for failing to properly raise this claim in his post-conviction motion, inadequate assistance of counsel at initial-review collateral proceedings cannot establish cause for procedural default of a claim of ineffective assistance of counsel on appeal. *Davila*, 137 S.Ct. at 2065; *Dansby*, 766 F.3d at 833. ("We therefore decline to extend *Martinez* to claims alleging ineffective assistance of counsel on direct appeal."). Given Sittner's failure to present his claim of ineffective assistance of direct appeal counsel to the State court, I am precluded from addressing this alleged counsel error as cause to excuse Sittner's procedural default of the claim now raised in Ground 2. *Williams v. Kemna,* 311 F.3d 895, 897 (8th Cir. 2002).

Sittner has thus failed to establish cause to excuse his procedural default, thus obviating the need for me to determine whether prejudice has been shown.

*Cagle v. Norris,* 474 F.3d 1090, 1099 (8th Cir. 2007). In addition, because Sittner has failed to present new evidence of actual innocence, he has failed to show that a constitutional violation has likely resulted in the conviction of one who is actually innocent. *Abdi v. Hatch,* 450 F.3d 334 338 (8th Cir. 2006); *Weeks v. Bowersox*, 119 F.3d 1342, 1352-53 (8th Cir. 1997). Therefore, my refusal to entertain Sittner's procedurally defaulted claims will not result in a fundamental miscarriage of justice. Accordingly, the claim raised in Ground 2 is procedurally barred from federal habeas review and will be denied.

**B.      Ground 4 – Ineffective assistance of trial counsel for failure to cross-examine Vitoux.**

In Ground 4 of the petition, Sittner alleges he was denied effective assistance of counsel when trial counsel failed to adequately cross-examine Vitoux. Specifically, Sittner contends trial counsel should have cross-examined Vitoux to establish that S.S.'s unusual sexual knowledge and ability to recount sensory details could have been obtained from someone other than Sittner. Sittner raised this claim in his amended motion for post-conviction relief under Rule 29.15. Sittner, however, failed to raise the claim in his post-conviction appeal. As such, this claim is procedurally defaulted.

Sittner asserts that ineffective assistance of post-conviction appellate counsel caused his procedural default. However, while *Martinez* provides that

inadequate assistance of counsel at initial post-conviction proceedings may establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel, ineffective assistance of post-conviction appellate counsel is not cause permitting that claim to be raised in federal court. *Arnold*, 675 F.3d at 1087.

Therefore, Sittner's claim of ineffective assistance of post-conviction appellate counsel does not excuse the default of his claims of ineffective assistance of trial counsel. With no showing of cause, I need not determine whether prejudice has been shown. *Cagle*, 474 F.3d at 1099. Nor has Sittner shown that a fundamental miscarriage of justice would occur if I were not to address the merits of his claims. Accordingly, the claim raised in Ground 4 is procedurally barred from federal habeas review and will be denied.

## C. Grounds 5 and 6 – Ineffective assistance of trial counsel.

In his fifth ground for relief, Sittner contends that trial counsel was ineffective for failing to elicit testimony concerning S.S.'s bad reputation for veracity and propensity to lie. In his sixth ground, Sittner contends that trial counsel was ineffective for failing to call Sittner's wife, D.S., as a witness. Sittner failed to raise these claims in his Rule 29.15 post-conviction motion.[3] Because

---

[3] Sittner notes that he raised Ground 5 in his second, third, and fourth State habeas motions in the Circuit Court of Texas County, Missouri, the Southern District Court of Appeals, and the

these claims are procedurally defaulted, I may review the merits of the claims only if Sittner shows cause for the default and actual prejudice resulting from the alleged constitutional violation, or that a fundamental miscarriage of justice would occur if I were not to address the claims. *Coleman*, 501 U.S. at 750. Sittner asserts that under *Martinez v. Ryan*, 566 U.S. 1 (2012), the ineffective assistance of his post-conviction counsel constitutes cause for the procedural default of his ineffective assistance of trial counsel claims asserted in Grounds 5 and 6.

In *Martinez,* the Supreme Court held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S. Ct. at 1320. As such, under *Martinez*, a petitioner may claim ineffective assistance of post-conviction counsel to establish "cause" for procedural default of a claim of ineffective assistance of trial counsel. To establish such cause, the petitioner must show that post-conviction counsel's

---

Missouri Supreme Court, respectively. The Texas County court determined the claim was procedurally barred, but addressed it *ex gratia* and found the claim was meritless. After the Texas County petition was denied, Sittner again presented his claim in Ground 5 to the Southern District Court of Appeals, and the Missouri Supreme Court. Both courts summarily denied habeas relief. Sittner argues his claim in Ground 5 is not procedurally defaulted because he presented it to the State courts in his petitions for habeas relief. However, a state court's consideration of merits of claim "as a matter of grace" does not erase fact of procedural default from petitioner's failure to comply with State's procedural rule. *Pollard v. Delo*, 28 F.3d 887, 889 (8th Cir. 1994). Moreover, the Eighth Circuit has generally presumed that the summary denial of a Missouri state habeas petition represents a finding by the Missouri court that the inmate did not overcome the procedural bar to raising the claim in state court. *Preston v. Delo*, 100 F.3d 596, 599-601 (8th Cir. 1996). Accordingly, I find Sittner's claim in Ground 5 procedurally defaulted.

assistance was ineffective under the standards of *Strickland v. Washington*, 466

U.S. 668 (1984), and further demonstrate that his underlying claim of ineffective

assistance of trial counsel is a "substantial" one, that is, that the claim has some

merit. *Id.* at 1318-19. If the underlying claim of ineffective assistance of trial

counsel is unsubstantial or non-meritorious, petitioner cannot establish that post-

conviction counsel was ineffective and thus cannot show cause for default of the

underlying claim. *Id.* at 1319. Likewise, if post-conviction counsel did not

perform below constitutional standards, no cause is shown for default. *Id.*

Sittner's underlying claim of ineffective assistance of counsel in Ground 5 is

not substantial. In Ground 5, as noted above, Sittner claims he was denied

effective assistance of trial counsel when trial counsel failed to elicit testimony

from three witnesses concerning S.S.'s bad reputation for veracity and propensity

to lie. Sittner states that R.S. (S.S.'s sister), Sandra Horwitz and Terry Kalhorn all

testified at trial and trial counsel was unable, "through lack of legal knowledge to

elicit testimony from them that S.S's reputation for truth and veracity was bad, and

that she frequently lied." (ECF No. 14 at 19). Sittner asserts trial counsel was

unable to lay a proper evidentiary foundation.

The record reflects that Sittner's trial counsel attempted to ask foundational

questions from Horwitz and Kalhorn to show the witnesses were familiar with S.S.,

her family and friends. When trial counsel asked Horwitz which family members

Horwitz knew, the trial court sustained the State's relevancy objection. Trial counsel continued to ask questions, but after an off-the-record sidebar, did not further question Horwitz. With regard to Kalhorn, when trial counsel questioned her how frequently she saw S.S., the trial court sustained the State's objection that the testimony was not relevant. During a sidebar, the court noted trial counsel was missing a step as it sustained the State's objection, but did not identify that step. Trial counsel then attempted to explain to the court how she would further question Kalhorn to elicit testimony about S.S.'s reputation, but the trial court declined to permit the questions. Trial counsel stated to the court that she had another character witness, but the trial court indicated it would refuse to allow counsel to lay a foundation with that witness. When R.S. testified, trial counsel did not ask R.S. about S.S's reputation for veracity.

Here, Sittner claims trial counsel deficiently failed to elicit reputation testimony from Horwitz and Kalhorn, but fails to plead with specificity how his trial counsel's questioning was deficient. *See Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990) (pleading must include particularized facts permitting court to determine from face of petition whether it merits further review). Given the strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, in order to establish ineffective assistance, Sittner must do more than show trial counsel did not succeed, despite her attempts, in eliciting

reputation testimony.  *See Strickland*, 466 U.S at 689-91.

Sittner also fails to show, in light of the trial court's rulings, that trial counsel's failure to question other witnesses about S.S.'s reputation for veracity was unreasonable.  Despite trial counsel's attempts to lay a foundation with Horwitz and Kalhorn, the trial court effectively excluded all character evidence and indicated it would not allow proposed evidence from another character witness.

Accordingly, it cannot be said that Sittner's underlying claim of ineffective assistance of trial counsel was so substantial that post-conviction counsel was ineffective for failing to raise the claim during post-conviction proceedings. Therefore, Sittner cannot show cause to excuse his procedural default and his claim set forth in Ground 5 is denied.

As in Ground 5, Sittner's underlying claim of ineffective assistance of trial counsel in Ground 6 is not substantial.  In Ground 6, Sittner alleges trial counsel was ineffective for failing to call Sittner's wife, D.S. as a witness. Sittner claims D.S. was willing and available to testify to the following:  that she was unaware of the abuse, that S.S had serious difficulties with Sittner's disciplinary actions, and that D.S. approved of Sittner's discipline.[4]

---

[4] Sittner also alleges D.S. would have testified that S.S. had a reputation for untruthfulness. However, as just noted in my discussion of Ground 5, the record reflects trial counsel sought to call another character witness.  If that witness was D.S, trial counsel cannot be deemed incompetent for not calling a witness when the trial court indicated it would not allow the proposed evidence.

Under *Strickland*, an inmate asserting ineffective assistance of trial counsel must prove both that the trial counsel was incompetent and that he suffered prejudice from such incompetence. 466 U.S. at 687. Here, Sittner fails to establish the prejudice prong as the testimony he alleges D.S. would have provided was cumulative to other evidence presented at trial.

With regard to Sittner's claim that D.S. was unaware of the abuse, S.S. testified that the abuse largely occurred while D.S. was away from home or sleeping. S.S. also testified that she had not told anyone about the abuse until she told the social worker at her school. Thus, the evidence at trial already indicated D.S. was unaware of the abuse.

Trial counsel would also have presented cumulative evidence had D.S. testified that S.S. had problems with Sittner's disciplinary actions. At trial, S.S., R.S. (S.S.'s sister), and Sittner provided detailed testimony regarding the disciplinary situation in the household. S.S. testified to the frequency and severity of her punishments. S.S. also conceded she and Sittner frequently fought over her chores and that she was angry at Sittner for punishing her. R.S. provided testimony corroborating S.S.'s account of Sittner's punishments. Sittner testified about the manner in which he punished S.S. and acknowledged they frequently argued. Thus, any proposed testimony by D.S. describing S.S's difficulties with Sittner's discipline would have been cumulative to that provided by three other

witnesses.

Sittner also maintains trial counsel should have called D.S. as a witness as she would have provided testimony that she approved of Sittner's discipline. However, again, this testimony would have been cumulative as R.S. testified that D.S. agreed with Sittner on discipline. Moreover, trial counsel could have reasonably determined not to elicit testimony that D.S. approved of Sittner's discipline as as it would have undermined counsel's theory of the case – that conflicts over chores and excessive punishments were the reason the jury should find that S.S falsely accused Sittner.

Accordingly, trial counsel's failure to call D.S. to testify at trial does not rise to the level of ineffective assistance as D.S.'s testimony would have been cumulative to other evidence adduced at trial. The failure to present cumulative evidence does not result in prejudice sufficient to give rise to a claim of ineffective assistance of counsel. *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir. 2006). Under *Martinez*, Sittner cannot establish that his underlying claim of ineffective assistance of counsel is substantial. Accordingly, Sittner cannot show cause to excuse his procedural default and his claim set forth in Ground 5 is denied.

**D.      Grounds 8 and 9 – Ineffective assistance of appellate counsel.**

In Grounds 8 and 9 of his amended habeas petition, Sittner asserts he received ineffective assistance of counsel on direct appeal for counsel's failure to

raise issues of trial error on appeal. Sittner did not raise these claims of ineffective appellate assistance in his amended post-conviction motion.

A claim must be presented at each step of the judicial process in State court in order to avoid procedural default. *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994). Under Missouri law, Missouri Supreme Court Rule 29.15 provides the exclusive means by which a petitioner may assert claims of ineffective assistance of direct appeal counsel. Sittner's failure to raise these claims of ineffective assistance of appellate counsel in his Rule 29.15 motion results in this Court being procedurally barred from reviewing the claims in this federal habeas proceeding absent a showing of cause and prejudice, or that a fundamental miscarriage of justice would result if the Court were not to review the claims.

Sittner asserts that ineffective assistance of post-conviction counsel caused his default. However, while *Martinez* provides that inadequate assistance of counsel at initial post-conviction proceedings may establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel, the Supreme Court recently declined to extend the *Martinez* exception to defaulted claims of ineffective assistance of appellate counsel. *Davila*, 137 S.Ct. at 2063. Therefore, Sittner's claim of ineffective assistance of post-conviction counsel does not excuse the default of his claims of ineffective assistance of appellate counsel. With no showing of cause, I need not determine whether prejudice has been shown. *Cagle*,

474 F.3d at 1099. Nor has Sittner shown that a fundamental miscarriage of justice would occur if I were not to address the merits of his claims.

Accordingly, the claims raised in Grounds 8 and 9 of Sittner's petition are procedurally barred from federal habeas review and will be denied.

**Certificate of Appealability**

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order denying habeas relief in a § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. 28 U.S.C. § 2253(c)(2); *see Tiedeman v. Benson,* 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997). I find that reasonable jurists could not differ on any of Sittner's claims, so I will deny a Certificate of Appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that Johnny Sittner's petition for writ of habeas corpus [1] [14] pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue in this action because petitioner has not made a substantial showing of a

denial of a constitutional right.

A separate Judgment in accordance with this Memorandum and Order is filed herewith.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of November, 2017.